**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-01456-VAP (DTBx)                    Date:  July 25, 2014

Title:       U.S. BANK NATIONAL ASSOCIATION, etc. -v- MARCOS MELCHOR,
             AN INDIVIDUAL, et al.
=================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

               Marva Dillard                          None Present
               Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

               None                                   None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION BACK TO THE
                    CALIFORNIA SUPERIOR COURT, SAN BERNARDINO
                    COUNTY (IN CHAMBERS)

### I. BACKGROUND

On March 25, 2014, Plaintiff U.S. Bank National Association, not in its individual capacity, but solely as trustee for the RMAC pass-through trust, series 2013-A ("U.S. Bank"), filed a Complaint for Unlawful Detainer ("Complaint") against Defendants Marcos Melchor, Teresa Melchor, and Sriram Sathyamoorthy.  (See Ex. A to Not. of Removal (Doc. No. 1).)  On July 16, 2014, Defendant Marcos Melchor ("Melchor"), appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, diversity, and civil rights removal.  In the Notice of Removal, Melchor states that he "contends and can prove that the matter before the

MINUTES FORM 11                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 1

state court and this district court is a criminal matter brought under the disguise of a non-judicial foreclosure." (Not. of Removal at 2.) For the following reasons, the Court REMANDS this action back to the California Superior Court for the County of San Bernardino.

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). Melchor contends that removal is proper under 28 U.S.C. §§ 1331, 1332, and 1443.

### A.    Federal Question Jurisdiction

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. From the face of the Complaint, however, U.S. Bank's only claim is for unlawful detainer, a California state law action. See Wells Fargo Bank v. Lapeen, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).) Further, U.S. Bank's right to relief on the unlawful

EDCV 14-01456-VAP (DTBx)
U.S. BANK NATIONAL ASSOCIATION, etc. v. MARCOS MELCHOR, AND INDIVIDUAL, et al.
MINUTE ORDER of July 25, 2014

detainer claim does not depend on the resolution of a substantial question of federal law.  Rather, U.S. Bank is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit to Defendant was served as required by California Code of Civil Procedure § 1161a.  Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977).

The underlying Complaint makes no reference to any federal statute; rather, Melchor contends this Court has jurisdiction because U.S. Bank's conduct amounts to a violation of various federal securities laws.  (Not. of Removal at 2 (citing, inter alia, 15 U.S.C §§ 77t(d)(1), 77v(a).)  As noted above, however, the only claim in the Complaint is for unlawful detainer; no federal claims or substantial questions of federal law are implicated.  Accordingly, Melchor has not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

## B.    Diversity Jurisdiction

A party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States."  28 U.S.C. § 1332(a)(1).  Where subject matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).  In other words, a court lacks subject matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff."  Id.  For the purpose of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 557 U.S. 77, 92-93 (2010).  Typically, this is "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ."  Id. at 93.

Melchor contends that this Court has diversity jurisdiction, claiming that U.S. Bank was organized under the laws of Delaware and has its principal place of

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 3

EDCV 14-01456-VAP (DTBx)
U.S. BANK NATIONAL ASSOCIATION, etc. v. MARCOS MELCHOR, AND INDIVIDUAL, et al.
MINUTE ORDER of July 25, 2014

business in Delaware. (Not of Removal at 2.) Melchor does not list his own citizenship in the Notice of Removal, however. (See id.) This is fatal to his claim that this Court has diversity jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). As Melchor does not allege his own citizenship, the Court cannot determine if there is complete diversity between the parties.

Moreover, Melchor has not met the amount-in-controversy requirement in order to invoke diversity jurisdiction. Though Melchor claims that the property at issue in the Complaint is "several times $75,000 in value," the face of the Complaint clearly states that the amount at issue is less than $10,000. (See Compl.) Melchor complains that U.S. Bank "filed a fraudulent claim . . . that the amount in controversy was only $10,000.00" (Not. of Removal at 3.) U.S. Bank is correct, however, that in an unlawful detainer action "the title to the property is not involved-only the right to possession. As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property." Skyline Vista Equities, LLC v. Henderson, 2011 WL 5122616, at *2 (C.D. Cal. Oct. 25, 2011) (citing Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977)).

Accordingly, Melchor has not shown the Court has jurisdiction under 28 U.S.C. § 1332.

## C.   Civil Rights Removal Jurisdiction

Finally, Melchor contends this Court has jurisdiction pursuant to the civil rights removal statute, 28 U.S.C. § 1443(1). (Not. of Removal at 16-19.) Section 1443(1) provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

28 U.S.C. § 1443(1).  "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966)."  Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006) (internal parallel citations omitted).  Under the first part of the test, "the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  People of State of Cal. v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).  Second, the removing party "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  Id.

Melchor asserts the following in the Notice of Removal:

The California Superior Courts of Limited Jurisdiction, especially those in San Bernardino County, operate based on an institutionalized predetermination of the outcome reflect[ing] a pervasive state statutory program expressly designed to deny Defendants their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property . . . .

The Non-Judicial Mortgage Foreclosure and Quasi-Judicial (but essentially administrative, automatic, ministerially applied) Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory.
California Civil Code procedures authorizing non-judicial foreclosures

EDCV 14-01456-VAP (DTBx)
U.S. BANK NATIONAL ASSOCIATION, etc. v. MARCOS MELCHOR, AND INDIVIDUAL, et al.
MINUTE ORDER of July 25, 2014

and judicial evictions violate 42 U.S.C. §§1981-1982, so that Defendant
has a right to remove on the basis that there is a pervasive state
statutory program which both on its face and as applied discriminates
unfairly against pro se litigants and in so doing directly violates Federal
U.S. laws guaranteeing equality of access to the courts, ability to present
evidence, and to make and enforce contracts for the purpose of
acquiring and maintaining ownership of property in particular.

The California Superior Courts completely ignore the Civil rules of
Procedure, Civil rules of Evidence and the Real Party In Interest rule.

(Not. of Removal at 17-18.)  Construing the Notice of Removal liberally, and
assuming, without deciding, that Melchor has satisfied the first part of the test, he
has not satisfied the second part.  Melchor has identified no "state statute or a
constitutional provision that purports to command the state courts to ignore . . .
federal rights."  Rather, he only asserts that California's unlawful detainer scheme is
discriminatory against pro se defendants.  This is insufficient to support removal
pursuant to 28 U.S.C. § 1443(1).  See HSBC Bank USA v. Cabal, 2010 WL
3769092, at *2 (S.D. Cal. Sept. 21, 2010); HSBC Bank USA v. Kubik, 2013 WL
1694670, at *3 (C.D. Cal. Apr. 16, 2013).

Accordingly, Melchor has not shown that this Court has jurisdiction pursuant to
28 U.S.C. § 1443(1).

As Melchor has not met his burden to show that removal is proper, this Court
lacks jurisdiction over this action.  Accordingly, the Court REMANDS this matter to
the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

MINUTES FORM 11                              Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 6